**HEARING DATE AND TIME: MARCH 31, 2021 AT 10:00 A.M. (ET)**
**OBJECTION DEADLINE DATE AND TIME: MARCH 24, 2021 AT 4:00 P.M. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

DeNardo Capital Management LLC, et al.

Debtors.

Chapter 11
Lead Case No. 21-22098 (SHL)

# NOTICE OF TELEPHONIC HEARING ON
# MOTION OF SILVER POINT FINANCE, LLC TO DETERMINE
# DENARDO CAPITAL II LLC IS SINGLE ASSET REAL ESTATE DEBTOR

**PLEASE TAKE NOTICE** that a hearing on *Motion of Silver Point Finance, LLC to Determine Denardo Capital II LLC is Single Asset Real Estate Debtor* will be held on **March 31, 2021 at 10:00 a.m. (ET)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically. Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[1] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

---

[1] The Bankruptcy Court's procedure for telephonic appearances is available at:
http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19

56765107;4

**PLEASE TAKE FURTHER NOTICE** that any opposing affidavits, answering memoranda of law, or other responses shall be filed and served no later than **March 24, 2021 at 4:00 p.m. (ET),** must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, include in the upper right hand corner of the caption, the ECF docket number to which the filing relates, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (with an electronic courtesy copy sent to the Chambers of Sean H. Lane, via e-mail to shl.order@nysb.uscourts.gov), and served via e-mail upon Akerman LLP, Attorney for the Plaintiff, to Mark S. Lichtenstein mark.lichtenstein@akerman.com together with proof of service thereof.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing **telephonically** so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court. Failure to appear may result in relief being granted as requested.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by that time, the relief may be granted as requested.

Dated: New York, New York
       March 4, 2021                      AKERMAN LLP

                                       By:   */s/ Mark S. Lichtenstein*
                                              Mark S. Lichtenstein
                                              520 Madison Avenue, 20th Floor
                                              New York, New York 10020
                                              Tel. No. (212) 880-3800
                                              E-mail: mark.lichtenstein@akerman.com

*Counsel for the Lender Parties*

56765107;4

**HEARING DATE AND TIME: MARCH 31, 2021 AT 10:00 A.M. (ET)**
**OBJECTION DEADLINE DATE AND TIME: MARCH 24, 2021 AT 4:00 P.M. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DeNardo Capital Management LLC, et al.<br><br>Debtors. | Chapter 11<br>Lead Case No. 21-22098 (SHL) |

**MOTION OF SILVER POINT FINANCE, LLC TO DETERMINE**
**DENARDO CAPITAL II LLC IS SINGLE ASSET REAL ESTATE DEBTOR**

Silver Point Finance, LLC ("Agent"), as Administrative Agent and Collateral Agent of lenders Specialty Credit Holdings, LLC and Zee Bridge Capital LLC (collectively, the "Lenders") and with Agent, the "Lender Parties") as a secured creditor of the debtors, DeNardo Capital Management LLC ("DC") and DeNardo Capital II LLC ("DC II" and collectively with DC, the "Debtors"), files this Motion for an Order determining DC II's bankruptcy case is a single asset real estate case as that term is defined in 11 U.S.C. § 101(51B) and imposing the corresponding requirements of 11 U.S.C. § 362(d)(3) in accordance therewith. In support of this Motion, Agent says:

**I.    Relevant Background**

1.    On February 16, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the Bankruptcy Court.

2.    On February 17, 2021, the Bankruptcy Court ordered the joint administration of the Debtors' cases [ECF No. 5].

56765107;4

3.     DC II owns the real property and improvements located at 1 – 30 Marker Ridge, Irvington, New York 10533, also known as "Marker 27" (the "Property"). *See* Schedule A/B, #9 [ECF No. 8], Case No. 21-22099 (shl).

4.     The Property is a residential development consisting of 27 contemplated but not yet built residential housing units Irvington, New York. *See* Declaration of Joseph DeNardo Pursuant to Rule 1007-2 [ECF No. 8], ¶1. Debtor DC is the sole member of Debtor DC II. *Id.*

5.     DC II is a co-maker of two promissory notes in the aggregate principal amount of $18 million, secured by, *inter alia*, a mortgage on the Property in favor of the Lender Parties.

6.     According to DC II's Schedules, DC II does not own anything except the Property, minimal cash, and purported claims against the Lender Parties. *See* Schedule A/B, [ECF No. 8], Case No. 21-22099 (shl).

## II.    Relief Requested

7.     By this Motion, Agent respectfully requests entry of an Order determining DC II is a single asset real estate debtor, and imposing the corresponding requirements of 11 U.S.C. § 362(d)(3) in accordance therewith.

## III.    Basis for Relief Requested

8.     As explained below, the Property in the jointly-administered cases is a single asset real estate property pursuant to 11 U.S.C. § 101(51B), which provides:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of the a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

*See* 11 U.S.C. § 101(51)(B).

9. Case law has treated the question of whether real property constitutes a single property or project as a question of fact. *See, e.g., In re Vargas Realty Enter., Inc.*, 2009 WL 2929258, at *4-5 (Bankr. S.D.N.Y. July 23, 2009); *In re Webb MTN, LLC*, 2008 WL 656271, at *4-5 (Bankr. E.D. Tenn. March 6, 2008); *In re Club Golf Partners, L.P.*, 2007 WL 1176010, at *1, *5 (Bankr. E.D. Tex. Feb. 15, 2007).

10. For a property or properties to constitute a single project, common ownership alone is not sufficient; the debtor must also have a common plan or purpose for the property. *See e.g., In re JJMM Intern. Corp.*, 467 B.R. 275, 278-79 (Bankr. E.D.N.Y. 2012) (debtor who owned and leased three contiguous parcels operated a single project despite varying business operations of its tenants); *Webb MTN*, 2008 WL 656271, at *4 (five adjacent undeveloped parcels were a single project, even though debtor planned to construct two golf courses, a luxury hotel, convention center, spa, retail center, and residences on the property, because debtor planned to develop them as one large resort); *Club Golf Partners*, 2007 WL 1176010, at *1, *5 (golf course engaged in numerous commercial activities, including selling food and merchandise, constituted a single project).

11. DC II's sole plan for the Property is to develop and sell or lease the individual town homes and affordable housing units.

12. As evidenced by the loan documents, DC II covenanted to the Lender Parties not to engage in any business related to the Property other than ownership of the Property and activities incidental thereto, by promising DC II

> (a) was, is and will be formed solely for the purpose of (i) in the case of Borrower, acquiring, developing, constructing, owning, holding, selling, leasing, ground leasing, transferring, exchanging, entering into a condominium regime, managing and operating the Property, entering into this Agreement, the Acquisition Loan Documents and the Building Loan Documents with or for the benefit of Lender, entering into any Mezzanine Loan Document to which Borrower is a Party, refinancing the Property in connection with a permitted repayment of the Loan, and transacting lawful business that is incident, necessary or appropriate to accomplish the foregoing; or (ii) in the case of Mezzanine Borrower, acting as the sole member of Mortgage Borrower and transacting lawful business that is incident, necessary and appropriate to accomplish the foregoing;

*See* Schedule IV(a), Acquisition Loan and Security Agreement dated December 28, 2018, by and among DeNardo Capital II LLC and 34th Street Capital LLC, as borrowers, and Silver Point Finance, LLC, as Administrative and Collateral Agent on behalf of certain lenders, including Specialty Credit Holdings, LLC and Zee Bridge Capital LLC.

13. The Property consists of more than four residential units.

14. Debtor DC II is not a family farmer.

15. Debtor DC II is the only owner of the Property, and does not conduct any business other than owning and operating the Property.

16. Accordingly, the Property is "Single Asset Real Estate" under 11 U.S.C. § 101(51B).

## IV. Conclusion

WHEREFORE, Silver Point Finance, LLC, as Administrative Agent and Collateral Agent of Lenders Specialty Credit Holdings, LLC and Zee Bridge Capital LLC, respectfully requests the Court enter an Order: (i) determining the Property is a "Single Asset Real Estate" property according to 11 U.S.C. § 101(51B); (ii) determining that Debtor DeNardo Capital II LLC is subject to the single asset real estate provisions of 11 U.S.C. § 362(d)(3); and (iii) granting such other and further relief as the Court deems just and proper.

56765107;4

Dated: New York, New York
March 4, 2021

                                        AKERMAN LLP

                                        By:   */s/Mark S. Lichtenstein*
                                                  Mark S. Lichtenstein
                                                  520 Madison Avenue, 20th Floor
                                                  New York, New York 10020
                                                  Tel. No. (212) 880-3800
                                                  E-mail: mark.lichtenstein@akerman.com

                                      *Counsel for the Lender Parties*

56765107;4

# ATTACHMENT
# PROPOSED ORDER

56765107;4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

DeNardo Capital Management LLC, et al.

Debtors.

Chapter 11
Lead Case No. 21-22098 (SHL)

# ORDER ON MOTION OF SILVER POINT FINANCE, LLC TO DETERMINE DENARDO CAPITAL II LLC IS SINGLE ASSET REAL ESTATE DEBTOR

Upon the Motion of Silver Point Finance, LLC to Determine Denardo Capital II LLC is Single Asset Real Estate Debtor (the "Motion") [**Doc. No. ___**]**,** seeking an order determining the Property is a "Single Asset Real Estate" property according to 11 U.S.C. § 101(51B); and that Debtor DeNardo Capital II LLC is subject to the single asset real estate provisions of 11 U.S.C. § 362(d)(3); and the Court having reviewed the Motion; and notice of the Motion having been properly served; and no opposition to the Motion having been filed; and a hearing on the Motion having been held on March 31, 2021 (the "Hearing"); and upon the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED:**

1. The Motion is hereby GRANTED.

2. Debtor DeNardo Capital II, LLC's Property is hereby determined to be a "single asset real estate" as defined in 11 U.S.C. § 101(51B).

3. Debtor DeNardo Capital II, LLC's case is hereby designated as a Single Asset Real Estate (SARE) pursuant to Bankruptcy Code Section 362(d)(3).

Dated: New York, New York
      March __, 2021

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

56765107;4